**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | **MDL Docket No. 4:03CV01507-WRW** |
| | : | **4:05CV01485-WRW** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **JOAN RANKIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

### ORDER

Pending is Defendants' Motion to Dismiss Duplicate Case (Doc. No. 8).

### I.    BACKGROUND

Plaintiff was originally part of a multi-plaintiff complaint that was filed in the Western

District of Arkansas on January 26, 2005.  The case was transferred on April 25, 2005, to this

Court as part of MDL-1507.[1]  On June 15, 2005, the multi-plaintiff complaint was severed, and

Plaintiff was directed to file an individual complaint.  In compliance with the severance order,

Plaintiff -- represented by other counsel -- filed the individual complaint in the Eastern District

of Arkansas on July 29, 2005.[2]  However, on July 6, 2005, Plaintiff filed this case in the Western

District of Arkansas.  It  was transferred to this MDL on October 13, 2005.[3]

### II.    DISCUSSION

As Defendants point out, Plaintiff currently has two cases pending in federal court

against the same Defendants, regarding the same issues.

---

[1]*Adkisson, et al v. Wyeth, et al.*, No. 4:05-CV-00636-WRW (E.D. Ark. April 25, 2005).

[2]*Rankin  v. Wyeth, et al.*, No. 4:05-CV-01055-WRW (E.D. Ark. July 29, 2005).

[3]*Rankin v. Wyeth, et al.*, No. 4:05-CV-01485-WRW (E.D. Ark. October 13, 2005).

"Although no precise rule has evolved with regard to the handling of instances where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation."[4]  A litigant should not be "able to litigate the same issue at the same time in more than one federal court . . . ."[5]  The Eighth Circuit recognizes that the "well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"[6]  Under this "first-filed complaint rule," a court may dismiss the second-filed case and allow Plaintiff to proceed with the case filed first.  Although this rule "is not intended to be rigid, mechanical, or inflexible . . . in the absence of compelling circumstances . . . the first-filed rule should apply."[7]

## CONCLUSION

Based on the December 22, 2008 Letter[8] and Plaintiff's response,[9] Defendants' Motion to Dismiss Duplicate Case (Doc. No. 8) is GRANTED. Accordingly, this CASE is DISMISSED.

IT IS SO ORDERED this 9th day of January, 2009.


/s/ Wm. R. Wilson, Jr.    
UNITED STATES DISTRICT JUDGE

---

[4]*Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

[5]*Crowley Cutlery Co. v. U.S.*, 849 F.2d 273, 279 (7th Cir. 1988). See also *Remington Rand Corp.-Delaware v. Business Systems, Inc.*, 830 F.2d 1274, 1276 (3d Cir. 1987) (dismissing case that involved "precisely the same parties as the ongoing plenary action presently before the district court); *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102 (10th Cir. 1982) (holding that a Court may abate a case "where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed."); *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) (holding that a Plaintiff who filed identical cases in both the Northern District of Georgia and the Southern District of Georgia, was "entitled to have his claims considered . . . by only one of the courts he has selected.").

[6]*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir. 1985)).

[7]*U.S. Fire Ins. Co.*, 920 F.2d at 488-89 (citations omitted).

[8]Doc. No. 7.

[9]See *Rankin  v. Wyeth, et al.*, No. 4:05-CV-01055-WRW (E.D. Ark. July 29, 2005), Doc. No. 13.